# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZAKY TADROS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN P. STACK, *et al.*,<br><br>　　　　Defendants. | Case No. 20–cv–12546–CCC–ESK<br><br><br>OPINION AND ORDER |

**KIEL, U.S.M.J.**

　　**THIS MATTER** having come before the Court on plaintiff Zaky Tadros's motion for leave to file a second amended complaint (Motion To Amend) (ECF No. 92); and separate oppositions to the Motion To Amend having been filed by the defendants (Defendants) named in the proposed second amended complaint: (a) City of Union City and Brian P. Stack, who is the mayor of the City of Union City (collectively, City Defendants) (ECF No. 98); and (b) The Alexander Group NJ, LLC and Corrado Belgiovine, who controls The Alexander Group NJ, LLC (collectively, Management Defendants) (ECF No. 99); and the Court finding:

　　1.　The facts and legal issues in this case were summarized by District Judge Claire C. Cecchi in an opinion entered on August 30, 2021 (August 2021 Opinion):

> This action arises out of [Tadros's] claim that Defendants divested [Tadros's] ownership interest in a ten-unit apartment building, located [in] Union City, New Jersey (the "Property"), pursuant to the Multifamily Housing Preservation and Receivership Act, N.J.S.A. §2A:42-114 *et seq.* ("MHPRA"), without just compensation in violation of his rights under the Takings Clause of the Fifth Amendment to the U.S. Constitution, incorporated against the States via the Fourteenth Amendment to the U.S. Constitution. [U]nder the MHPRA, municipal governments, like Union City, can seek appointment by the New Jersey Superior Court of a temporary receiver to manage a building's operations if the building is found to be in violation of local health and safety codes. N.J.S.A. §2A:42-117. Once

awarded a receivership, the receiver is then to abate the "conditions that are a serious threat to the ... health or safety of the building's tenants." *Id.* A receivership will subsequently be terminated, and possession and control of the building will be returned to the titled owner, once the "conditions that were the grounds for the [abatement] and all other code violations have been ... corrected." *Id.* § 2A:42-140.

In 2014, [Tadros], the fee simple owner and landlord of the Property since 1999, received complaints from tenants and inquiries from Defendants concerning the habitability and safety of the Property. Subsequently, in the Summer of 2016, after Defendants found the Property to be in violation of local health and safety codes, Defendants sought and were awarded a receivership of the Property under the MHPRA by the New Jersey Superior Court. [Tadros] appealed the Superior Court's order granting the receivership, which the New Jersey Appellate Division denied on June 9, 2020. Under the receivership, Defendants sought to implement necessary changes to place the Property in compliance with local health and safety codes. For instance, Defendants represented to the New Jersey Superior Court that they intended to, among other things, replace all entry doors in each of the Property's ten units and install a steel pipe fire sprinkler system throughout the entire Property. [Tadros] alleges that, in the receivership proceedings, Defendants estimated that these abatements would be completed within roughly nine months of the date in which the receivership commenced.

[Tadros] alleges that Defendants ultimately "took actual, physical possession and control of the Property" under the receivership on February 15, 2017, which remains ongoing as of the filing of the Complaint, and that, since then, he "has been totally and absolutely divested of his rights in the Property." Further, [Tadros] alleges that he has "realized no income or distributions from the Property," including rent payments, during the course of the receivership, but that he has nevertheless "been forced to pay, out of his personal funds, the mortgage payments and property taxes for the Property." Finally, as of the filing of the Complaint, [Tadros] alleges that Defendants' abatement plan is

>   indefinitely suspended because construction officials are refusing to provide the City with necessary building permits.

(ECF No. 66 pp. 2–4 (internal citations omitted).)

2. The New Jersey Superior Court (State Court) order discussed above was issued on March 9, 2018 (March 2018 State Court Order), wherein the State Court approved a final plan for the receiver to accomplish the necessary remedial work for the Property. (ECF No. 17-3 pp. 103–117.)

3. Judge Cecchi, in addressing fully-briefed motions to dismiss, dismissed the initial complaint on August 30, 2021 as being barred for four separate grounds: (a) the statute of limitations; (b) the entire controversy doctrine; (c) the collateral estoppel doctrine; and (d) the *Rooker-Feldman* doctrine. (ECF No. 66 p. 9.) However, the dismissal was entered without prejudice, and leave was granted to Tadros to file an amended complaint addressing these deficiencies. (*Id.* p. 10; ECF No. 67 p. 2 (order accompanying the August 2021 Opinion).)

4. Tadros filed an amended complaint on October 29, 2021. (ECF No. 71.) In doing so, Tadros attempted to clarify that he sought relief for events that occurred after the issuance of the March 2018 State Court Order by claiming that he did not ascertain until March 2019 that Defendants intended to extend the receivership indefinitely. (ECF No. 73 pp. 3, 12.) In response, the City Defendants and Management Defendants separately moved to dismiss the amended complaint on November 30, 2021 (New Motions To Dismiss), arguing that the amended complaint failed to address the deficiencies previously noted by Judge Cecchi in the August 2021 Opinion. (ECF Nos. 86, 87.)

5. In response to the New Motions to Dismiss, Tadros filed the Motion To Amend. (ECF No. 92.) Tadros acknowledges in the Motion To Amend that some of Defendants' arguments concerning the continued deficiencies in the first amended complaint have merit. (ECF No. 92.)[1] In addition, Tadros proposed to add allegations concerning developments arising in 2022 in the case (2022 Claims) as to the following:

>   On January 20, 2022, for the first time in five years, [Tadros] was permitted access into the building and learned what Defendants had done with respect to the basement units. Upon entering the building, [Tadros] learned that the Defendants had confiscated his appliances, including washers and dryers and plumbing fixtures from the

---

[1] Defendants characterize the Motion To Amend as "a tacit recognition of the legal frivolity of [Tadros's] claims." (ECF No. 98 p. 8.)

3

> basement units. [Tadros] also learned on that date that the Defendants had removed the sheetrock walls from the basement units, rendering the basement entirely open and destroying three rentable apartment units. Nothing in the Superior Court's various orders or the Final Plan indicated that the Defendants would undertake these confiscations, nor did those various court orders authorize them.

(ECF No. 92-1 p. 15 (internal citations omitted); ECF No. 92-8 p. 8 (asserting same in proposed second amended complaint).)

6. The City Defendants and Management Defendants filed separate oppositions to the Motion To Amend. (ECF Nos. 98, 99.) Defendants argue that Tadros's attempts to clarify in the proposed second amended complaint that any ongoing work on the Property comprises an unconstitutional taking are "a specious attempt to manufacture a claim that does not otherwise exist." (ECF No. 98 p. 14.) Further, Defendants argue that the 2022 Claims concern "work [that] was done in furtherance of the receivership … and the Defendants' inherent police powers to remediate the Property for the health, safety, and welfare of the tenants and the community at-large." (ECF No. 99 p. 9; *see* ECF No. 98 p. 16 (same).) In addition, Defendants raise the following two arguments that were not addressed by Judge Cecchi in the August 2021 Opinion: (a) Defendants are entitled to quasi-judicial immunity in acting under the authority granted by the March 2018 State Court Order (ECF No. 99 p. 14); and (b) Tadros's claims are barred by the *Younger* abstention doctrine, because related litigation is ongoing in State Court (ECF No. 98 p. 30).

7. In view of the pending Motion To Amend, the New Motions To Dismiss were administratively terminated without prejudice, and with leave to Defendants to move again for such relief upon the resolution of the Motion To Amend. (ECF No. 100.)

8. A determination as to whether to grant leave to file an amended pleading is discretionary. *Dooley v. Wetzel*, 957 F.3d 366, 376 (3d Cir. 2020). Leave to file an amended pleading should be denied if there is "undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (internal quotation marks and citations omitted). The Third Circuit has recognized the "strong liberality in allowing amendments under Rule 15 … to ensure that claims will be decided on the merits rather than on technicalities." *Clinton v. Jersey City Police Dep't*, No. 07-05686, 2017 WL 1024274, at *2 (D.N.J. Mar. 16, 2017). Additionally, "if a proposed amendment is not clearly futile, then denial of leave to amend is improper." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

9. Defendants argue that the Motion To Amend should be denied because Tadros has violated the previous scheduling orders concerning the deadlines to file amended pleadings. (ECF No. 98 pp. 35, 36.) Defendants' arguments on this issue are, however, without merit and need not be addressed. A scheduling order was issued in November 2020 setting forth a deadline of March 1, 2021 to file amended pleadings (ECF No. 25 ¶ 5), and a subsequent scheduling order was issued in May 2021 extending the deadline to July 30, 2021 (ECF No. 47 ¶ 5). However, the deadline was in effect extended by Judge Cecchi in the order accompanying the August 2021 Opinion, wherein Tadros was granted leave to file an amended pleading well beyond the July 30, 2021 deadline. (ECF No. 67 p. 2.) That deadline was extended again by Judge Cecchi by an order dated September 27, 2021. (ECF No. 69.) Furthermore, due to repeated motion practice, discovery remains in the early stages in this litigation. Therefore, I find that Tadros has not engaged in any undue delay, bad faith, or dilatory motive in seeking to file the second amended complaint.

10. I also find that Defendants will not suffer any prejudice if the second amended complaint is permitted to proceed. Again, discovery is in the early stages in this case. In addition, Defendants had ample notice that an amended pleading would be forthcoming based upon Judge Cecchi's August 2021 Opinion and subsequent order extending Tadros's time to amend.

11. I also find that the proposed amended claims cannot be characterized as being futile, since such amendments were invited by Judge Cecchi in the August 2021 Opinion. It is plausible at this juncture that the proposed amended claims could be construed as concerning events that occurred after the issuance of the March 2018 State Court Order, and thus those claims may be found to not be barred. Further, Defendants' arguments concerning the applicability of quasi-judicial immunity and the *Younger* abstention doctrine, and arguments that any work recently performed on the Property was done in furtherance of the receivership, would be more appropriately addressed by the District Judge on a renewed motion to dismiss, as those arguments are dispositive in nature.

12. Tadros, however, is warned that any further amendments will be unlikely to be permitted. The Third Circuit has held that in the interests of justice, represented plaintiffs may be permitted up to "three opportunities" to file a proper pleading that passes muster, *i.e.*, the initial complaint, an amended complaint, and a second amended complaint. *See Jankowski v. Lellock*, 649 F.App'x 184, 185 (3d Cir. 2016) (affirming district court's dismissal of certain claims, where represented plaintiff had been given an opportunity to file a second amended complaint to remedy deficiencies previously noted to attempt "to make out a viable cause of action"). It would appear that "permitting [a represented plaintiff] to amend for a third time would be futile." *Vicente v. DePuy Synthes*

*Cos.*, 570 F.Supp.3d 232, 245 (D.N.J. Nov. 5, 2021) (dismissing a second amended complaint with prejudice). Tadros should be prepared to stand or fall on the second amended complaint.

      Accordingly,

      **IT IS** on this   **30th** day of **August 2022**   **ORDERED** that:

1. The Motion To Amend is **GRANTED**.

2. The Clerk is directed to terminate ECF No. 92.

3. Tadros is directed to file a separate, clean version of the proposed second amended complaint by September 7, 2022.

4. A telephone conference is scheduled before Magistrate Judge Edward S. Kiel for October 21, 2022 at 10:00 a.m. The dial in number is 1-888-684-8852 and the access code is 310-0383#.

                                              */s/ Edward S. Kiel*
                                              EDWARD S. KIEL
                                              UNITED STATES MAGISTRATE JUDGE